ROSENSTADT & WALLER, INC., APPELLANT, v. THE REGISTRAR
OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Deny-
ing Admission to Record of a Deed of Bargain and Sale.

No. 247.—Decided December 8, 1915.

BARGAIN AND SALE—CONJUGAL PARTNERSHIP—CORPORATION—RECORD OF TITLE—
FREEDOM TO CONTRACT.—A contract of bargain and sale of real property exe-
cuted by a conjugal partnership, personally represented by both parties, in
favor of a duly organized corporation, represented by its president who was
expressly appointed by the board of directors entrusted with the management
of its affairs, is valid and hence recordable in the registry of property, al-
though the husband in the conjugal partnership is the president of the cor-
poration and acts in both capacities in the execution of the deed. Although
in such a case the same person represents both parties the vendor and vendee
are distinct entities and in the absence of a statutory prohibition, express
or implied, or of a manifestly immoral consequence, the principle of freedom
of contract must prevail, whether the persons be natural or artificial.

The facts are stated in the opinion.

Mr. Rafael Arce for the appellant.

The respondent registrar did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On July 2, 1915, Jacob Rosenstadt and his wife appeared
before a notary public and executed a deed in which they stated
that two or three months previously they had sold two houses
situated in Caguas to Rosenstadt & Waller, Incorporated, for
$10,302, which sum they had received to their entire satisfac-
tion, and that they executed the said deed in order that the
contract should have the necessary legal effect and could
be recorded in the registry of property. In the same instru-
ment Jacob Rosenstadt, acting as president of the said Ro-
senstadt & Waller, Incorporated, accepted the deed "as being
in entire accord with the conditions of the contract as agreed
upon  *  *  *  by the parties thereto."

The instrument was presented for record in the Registry
of Property of Caguas, accompanied by other documents
from which it appears that Rosenstadt & Waller, Incorporated,
is a corporation organized under the laws of the State of

New York and duly authorized to do business in Porto Rico; that its business includes the purchase of real estate, and that at a meeting of the board of directors entrusted with the management of the affairs of the corporation it was agreed to purchase the houses referred to in the deed for $10,302, and Jacob Rosenstadt, the president of the same, was expressly authorized to execute the necessary instruments.

The registrar refused to record the deed "because the conveyance was made by the spouses Jacob Rosenstadt and Rosa L. Rosenstadt and accepted by the corporation Rosenstadt & Waller, Incorporated, represented by its president, who is the same Jacob Rosenstadt; because by the said contract the same person appears as vendor and vendee, inasmuch as Jacob Rosenstadt, on the one hand, is the managing partner of the conjugal partnership which executed the deed as vendor and, on the other hand, he is interested in the vendee corporation and is its administrative representative; because on account of the ambiguity in the wording of the said instrument it cannot be determined absolutely whether the contract of sale ratified therein was made verbally or in a private document or in a public instrument, and in these last two cases the said contract of sale was neither incorporated in nor attached to the instrument presented for record for the purpose of showing the terms and conditions of the said contract." The purchasing corporation took the present appeal from the decision of the registrar.

*First.* In our opinion the first ground of the decision appealed from is erroneous. Either as a natural person or as a member of the conjugal partnership composed of himself and his wife, Rosa Rosenstadt, Jacob Rosenstadt is a person distinct from the corporation Rosenstadt & Waller, Incorporated, of which he is president. The registrar has cited no law or jurisprudence to sustain the conclusion stated in his decision and in the absence of a legal prohibition, express or implied, or of a manifestly immoral consequence, the

principle of freedom to contract must prevail, whether the persons be natural or artificial.

*Second.* In our opinion the second ground of the decision is also erroneous. The wording of the instrument is not ambiguous. The certified resolution of the board of directors of the corporation Rosenstadt & Waller, Incorporated, is clear and specific. The corporation decided to purchase certain urban properties at a specific price and authorized its president to pay the amount and execute the deed, and the president complied with the resolution of the board. It is not obligatory in cases of this kind to present the previous documents which may have been executed by the parties. What the law requires and the registry system exacts is that the execution of the contract shall appear in a public instrument and that the contract itself as appearing in the instrument shall be valid according to law.

By the contract of bargain and sale (section 1348 of the Civil Code) one of the contracting parties—in this case the conjugal partnership composed of the spouses Rosenstadt and personally represented in the deed by both partners—bound himself to deliver a specified thing—in this case the two houses—and the other—in this case the corporation Rosenstadt & Waller, Incorporated, represented in the deed by its president who was expressly authorized by the board of directors entrusted with the management of its affairs—to pay a certain price therefor in money or its equivalent—in this case the sum of $10,302.

There were consent, subject-matter and consideration, which are essential requisites to all contracts. There were also the special circumstances essential to a contract of bargain and sale, and the capacity of the parties was fully shown. The houses which previously belonged to the Rosenstadt conjugal partnership now belong to Rosenstadt & Waller, Incorporated, and as the conveyance appears in a public instru-

ment it should be recorded in the proper registry of property, since one of the interested parties has so requested.

The judgment appealed from should be

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.